THE MADISON INSURANCE COMPANY *v.* LOSTUTTER.

A release executed by a person to render him competent as a witness, need not be delivered to the releasee, but may be deposited in Court for his use.

The interest of a witness in the question involved in a suit, goes to his credibility merely, and not to his competency.

In a suit by one of several joint owners of a cargo upon a policy of insu-
rance, the other joint owners, to render themselves competent as wit-
nesses, executed to the plaintiff a release of all the interest they might
or could have in any judgment that might be recovered in the suit.
*Held*, that the instrument was not defective for not purporting to release
the insurer from all claim by the releasors for any loss of the property
insured.

Where one of several joint owners effects an insurance of his interest in a
cargo, the other joint owners are competent witnesses for him in a suit
upon the policy.

Nov. Term,
**1853.**

The Madison
Insurance Co.
v.
Lostutter.

ERROR to the *Jefferson* Circuit Court.

Davison, J.—Covenant by the defendant in error against
the plaintiff in error on a policy of insurance. The policy
was effected in the name of the plaintiff below, but the
cargo insured was owned jointly by him and his three
brothers. He claimed to recover only to the extent of his
interest in the cargo. Nine pleas were pleaded, upon which
there were issues. Verdict and judgment for the plaintiff.

*Friday,*
*December* 23.

Upon the trial, two of the joint owners, viz., *John* and
*Wilson Lostutter*, were, over the defendant's objection,
permitted to testify in the cause, they having first exe-
cuted to the plaintiff a release of all the interest they
might or could have in and to any judgment that might
be recovered in the suit then on trial. That release was
delivered to the plaintiff's counsel, and by them filed in
Court. It appears that the policy did not cover the inte-
rest of said *John* and *Wilson* in the cargo.

It is contended that these witnesses were improperly
admitted to testify in the cause: that the release was in-
sufficient; first, because it was not delivered to the plain-
tiff; secondly, it should have released the defendant below
from all claim by them upon her for any loss of property
insured by the policy.

There is nothing in the objections. The release was
placed on file in Court. It was there for the use of the
plaintiff. He can procure it at any time. And it will
constitute a bar to any suit that may be brought against
him by the releasors, relative to the judgment in this
cause. Mr. *Greenleaf* says, "It is not necessary that the
release be actually delivered by the releasor into the

hands of the releasee. It may be deposited in Court for the use of the absent party." 1 Greenl. Ev., s. 429.

These witnesses, after they executed the release, could have no interest in the event of the suit. The record could not be used either for or against them in any suit which they might institute against the company. At most, their interest would be, as to the question involved in the suit. Such interest would go to their credibility merely, and not to their competency. "One underwriter may be a witness for another underwriter upon the same policy; or one seaman for another whose claim for wages is resisted, on grounds equally affecting all the crew." 1 Greenl. Ev., s. 389.

But the record shows that the interest of these witnesses in the cargo insured, was not covered by the policy. Such being the case, they were competent without any release.

*Per Curiam.*—The judgment is affirmed, with 7 per cent. damages and costs.

*J. G. Marshall*, for the plaintiff.

*D. S. Major* and *A. Brower*, for the defendant.